IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 11 |
| Plumbing Holdings Corporation, et al., | Case No. 09-14413 (CSS) |
| Debtors. | Jointly Administered |
| | Related Doc. No. 614 |
| | **Objection Deadline: December 15, 2010 at 4:00 p.m.** |
| | **Hearing Date: December 21, 2010 at 10:00 a.m.** |

## LIMITED RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PLUMBING HOLDINGS CORPORATION TO THE DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION

The Official Committee of Unsecured Creditors of Plumbing Holdings Corporation and Jones Stephens Corp. (the "Committee"), by and through its undersigned counsel, respectfully submits this Limited Response to the Debtors' Second Amended Joint Plan of Reorganization and states as follows:

### Background

1. On December 15, 2009 (the "Petition Date"), Plumbing Holdings Corporation ("PHC") and Jones Stephens Corp. ("JSC") (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Delaware (the "Court") commencing the above-captioned bankruptcy cases (the "Chapter 11 Cases"). The Chapter 11 Cases were procedurally consolidated and are being jointly administered.

2. The Debtors continue to operate their businesses and manage their property as

debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in the Chapter 11 Cases.

4. On January 7, 2010, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") [Docket No. 66].

## The Committee's Limited Response to the Plan

5. The Committee supports confirmation of the Second Amended Plan, which provides for a 100% distribution of Class 5 general unsecured claims. The claimants comprising Class 5 consist mostly of trade creditors who have claims that, while small in amount, are significant unpaid receivables for these claimants. In addition, the agreement resulting in the proposed 100% distribution was reached by the key constituents in these cases approximately eight months ago, and Class 5 claimants have been faced with an undue delay in the receipt of their distributions while a number of issues with respect to formulation of the Second Amended Plan were resolved. Moreover, most, if not all, of the objections to Class 5 claims have been filed or otherwise resolved. As a result of the foregoing, Class 5 claimants should be paid promptly after the Effective Date and the Committee has filed this limited response to address the timing of distributions on account of these claims.

6. On January 14, 2010, the Debtors filed a Chapter 11 Plan of Reorganization [Docket No. 103] and Disclosure Statement [Docket No. 102] along with a Motion for Order Approving the Disclosure Statement and Related Procedures [Docket No. 104].

7. On January 23, 2010, the Committee filed a Motion to Terminate the Debtors'

Exclusive Periods to File a Plan and Solicit Acceptance [Docket No. 130].

8. On February 5, 2010, the Debtors filed a First Amended Chapter 11 Plan [Docket No. 168] and Disclosure Statement [Docket No. 167].

9. On February 9, 2010, the Court granted the Committee's Motion to Terminate the Debtors' Exclusive Periods [Docket No. 184]. On February 10, the Committee filed its own Plan of Reorganization [Docket No. 190] and related Disclosure Statement [Docket No. 191] that, *inter alia,* provided for a 100% recovery to the Debtors' unsecured trade creditors (collectively, the "Committee Plan").

10. After the Committee Plan was filed, the Debtors, the Committee and other constituents engaged in negotiations regarding the terms of a consensual plan. Throughout these discussions, the Committee's objective was to maintain a recovery of 100% to the Debtors' trade creditors, which would be distributed to these creditors as quickly as possible.

11. These efforts were successful, and, in or around March 2010, the Committee, the Debtors, the Debtors' lenders and other parties reached a consensual agreement for a plan of reorganization.

12. While the Committee expected that the consensual plan would be filed soon after the agreement had been reached, the Debtors were not able to finalize the terms of the exit financing for many months. Finally, on November 1, 2010, fully eight months after the agreed-upon plan structure had been formulated, the Debtors filed a Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code [Docket No. 614](the "Second Amended Plan") and related Disclosure Statement. Soon after the Second Amended Plan was

filed, the confirmation process began.

13. On November 10, 2010, the Debtors filed their First Omnibus (Non-Substantive) Objection to Certain Duplicate, Amended and Replaced, Wrong Debtor and Late Filed Claims [Docket No. 640](the "Claims Objection"). The Committee believes that the Claims Objection encompasses all objections to general unsecured claims that the Debtors intend to pursue.

14. On November 12, 2010, the Court entered an Order Approving the Disclosure Statement with Respect to Debtors Second Amended Plan and the Solicitation Procedures [Docket No. 647] (the "Solicitation Order"). Pursuant to the Solicitation Order, December 15, 2010 was established as the deadline by which objections to the Plan were to be filed (the "Plan Objection Deadline"). Confirmation is scheduled for December 21, 2010.

15. On November 19, 2010, the Debtors filed a Motion for an Order Pursuant to Section 362(d) of the Bankruptcy Code Approving Stipulations Regarding Limited Relief From the Automatic Stay in connection with the claims of various claimants asserting personal injury and/or property damage claims [Docket No. 664] (the "Stay Relief Motion"). In the Stay Relief Motion, the Debtors propose to resolve certain tort claims by providing that the claimants may seek recovery from available insurance proceeds with no recourse to the Debtors' estates. If the Claims Objection is sustained and the Stay Relief Motion granted, the unsecured claims pool will be substantially, if not completely, resolved.

16. Notwithstanding the foregoing, the Second Amended Plan includes a definition of "Claims Objection Deadline" that provides for a period of up to 90 days after the Effective Date for the Reorganized Debtors to file objections to unsecured claims. Second Amended Plan at p. 5. The Committee asserts that, given the substantial delay in the confirmation process and the

fact that the Debtors have filed the Claims Objection and the Stay Relief Motion, the time frame proposed for the filing of claims objections under the Second Amended Plan is too long.

17. While the Committee understands that a limited period to file claims objections after the Second Amended Plan becomes effective may be appropriate, the period proposed by the Debtors in the Second Amended Plan is not reasonable and creditors holding general unsecured claims should not have to wait any longer to receive their distributions. The Committee therefore proposes a limited period of thirty (30) days from the Effective Date for the Reorganized Debtors to file objections to general unsecured claims and requests that the Second Amended Plan be amended to provide for a Claims Objection Deadline consistent with the Committee's request.

18. The Committee does not otherwise object to confirmation of the Second Amended Plan.

[Intentionally Blank]

WHEREFORE, the Committee requests that the second Amended plan be confirmed subject to the Committee's limited response as stated herein, together with such other and further relief as is appropriate.

Dated: December 15, 2010
Wilmington, Delaware

> Respectfully Submitted,
>
> KLEHR HARRISON HARVEY
> BRANZBURG LLP
>
> /s/ *Richard M. Beck*
> Richard M. Beck (DE Bar No. 3370)
> Sally E. Veghte (DE Bar No. 4762)
> 919 Market Street, Suite 1000
> Wilmington, DE 19801
> Telephone: 302.426.1189
> Facsimile: 302.426.9193
>
> -and-
>
> Roger Frankel, Esq.
> Jonathan Guy, Esq. (admitted *pro hac vice*)
> Kathleen Orr, Esq. (admitted *pro hac vice*)
> ORRICK, HERRINGTON & SUTCLIFFE LLP
> 1152 15th Street, N.W.
> Washington, D.C. 20005
> Telephone: 202.339.8400
> Facsimile: 202.339.8500
>
> Counsel for the Official Committee of
> Unsecured Creditors